PER CURIAM.
The Florida Industrial Commission’s claims examiner determined that the petitioner was eligible for unemployment compensation benefits. This determination was reversed by an appeals referee for the Florida Industrial Commission; thereafter the reversal was affirmed without opinion by the Florida Industrial Commission. The cause is before this court upon petition for writ of certiorari to review the last decision.
The sole ground for the holding that the employee was not entitled to unemployment compensation was the finding of the appeals referee as follows:
“The testimony adduced in this case clearly shows that claimant has not made an active search for work. Her job-seeking efforts have not been logically calculated to relieve her unemployment, nor are her efforts to find work consistent with the efforts to be expected of other unemployed individuals in her occupation who have a genuine attachment to the labor market and a sincere desire to be at work and self-supporting. Her failure to make an active search for work, in effect, severely limits her availability for work. After considering such restrictions, there remains no reasonable expectancy that she will obtain suitable employment. Accordingly, it should be held that claimant has not been available for work, within the meaning of this Law.”
We have carefully reviewed the record before the appeals referee, including the correspondence with the employee and conclude that there was no competent, substantial evidence before the referee from which he could lawfully find that the petitioner had failed to take action reasonably calculated to relieve her unemployment. Therefore the decision of the appeals referee will be reversed and the finding of the deputy commissioner, that the petitioner is entitled to unemployment compensation, will be re-established.
The transcript of proceedings before the appeals examiner reveals that the question of availability of the employee for employment was raised for the first time by the appeals examiner. The employer had petitioned for a review upon a contention that the deputy commissioner had mistakenly found that the employee was discharged for reasons other than her own misconduct. At the examination before the appeals referee the petitioner testified that her attempts to find employment were as follows: (1) Continued use of the telephone, calling firms, and speaking to personnel *235 managers. (2) An advertisement in a local paper (a procedure which had formerly produced employment for her). (3) Personal trips to places of likely employment (although this latter was limited by her lack of a car). This activity secured for her two temporary jobs.
In light of the fact that the unemployment compensation act, F.S.A. § 443.01 et seq. is to be construed for the benefit of the employee we are constrained to hold that this 52-year old woman, who had for twenty years been a bookkeeper, used sufficient diligence in attempting to find employment.
The writ of certiorari is granted and the Florida Industrial Commission is directed to enter an order quashing its previous order sustaining the findings of the appeals referee and further by its order reinstate the finding of the examiner that the petitioner is entitled to unemployment compensation benefits.
Certiorari granted.